UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-80535-CIV-MARRA/JOHNSON

GRIFFIN IT MEDIA, INC., a
Florida corporation,

    Plaintiff,

v.

INTELLIGENTZ CORPORATION,
a Delaware corporation,

    Defendant.
_____/

## ORDER VACATING CLERK'S ENTRY OF DEFAULT

THIS CAUSE is before the Court on Defendant's Motion to Vacate Clerk's Default (DE 12). The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is fully advised in the premises.

On June 20, 2007, Plaintiff Griffin IT Media, Inc. ("Plaintiff") filed the instant action seeking a declaratory judgment that its use of the Internet domain name "www.intelligentz.com" does not violate Defendant Intelligentz Corporation's ("Defendant") rights under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1129, any other provision of the Lanham Act, 15 U.S.C. § 1111 *et seq.*, or any other state and federal unfair competition rights. Defendant did not respond to the Complaint, and on July 19, 2007, the Clerk of the Court entered a default as to Defendant. (DE 5.) Plaintiff then filed a Motion for Default Judgment on July 26, 2007. (DE 9.) Defendant now requests that this Court vacate that entry of default and allow the parties to move forward with the litigation.

1

The facts surrounding the default, as gleaned from the parties' briefs, affidavits, and exhibits, are as follows:  Defendant does not dispute that it was properly served with a copy of the Complaint.  Instead, Defendant states that its Chief Executive Officer, Michael Lucas, is the contact person for all correspondence received from Defendant's registered agent for service of process in Delaware.  (Lucas Decl. ¶ 2.)  When Defendant receives documents from its registered agent, such documents are left unopened for Lucas.  (Lucas Decl. ¶ 4.)  Defendant states that it was served on June 25, 2007, and that the package was received in Lucas's office on June 27, 2007.  (Lucas Decl. ¶¶ 3-4.)  Lucas, however, was away from his office from June 26, 2007, through July 23, 2007; therefore, no one at Defendant had any knowledge of the Complaint until after July 23, 2007, at which point the Clerk had already entered a default against Defendant.  (Lucas Decl. ¶¶ 5-6.)

Defendant claims that it had been in communication with Plaintiff during this period, however.  Specifically, Defendant's counsel in California, Philip Kramer, claims he was in communication with Plaintiff's Louisiana counsel, Gregory Latham, between June 23 and June 26, 2007.  (Kramer Decl. ¶ 4.)  Kramer stated that he received a copy of the Complaint in the instant action from Latham, but he did not receive a copy of the summons or any indication that Defendant had been served.  (Kramer Decl. ¶ 4.)  In addition, Plaintiff filed a motion in the related California action to transfer that action to this district.  As part of the briefing process, Plaintiff referenced the instant action, but Plaintiff did not indicate that the Clerk had entered a default in the Florida action until filing its reply brief on July 30, 2007.  (*See* Def. Ex. 4-6.)  Kramer claims that he was unaware that the Clerk had entered a default against Defendant until he received that reply brief.  (Kramer Decl. ¶ 11.)  Defendant then filed the instant motion to

2

vacate the default on August 7, 2007.

Plaintiff does not dispute this recitation of facts. Plaintiff argues that the above facts show that Defendant had clear knowledge of the instant suit before the Clerk entered a default. (Pl. Resp. 5-7.) Plaintiff also claims that Defendant conceded that it had been served with notice of this lawsuit in its brief on the motion to transfer in the California action, filed July 23, 2007.[1] (Pl. Resp. 6; Pl. Ex. 11 at 4). Finally, Plaintiff notes that Defendant took nearly three weeks from the date Lucas received his copy of the Complaint until Defendant actually filed a responsive pleading in this case. (Pl. Resp. 6.)

Rule 55(c) of the Federal Rules of Civil Procedure states that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Court is vested with considerable discretion in ruling on a motion to set aside an entry of default, and the Court's decision will only be reviewed for abuse of discretion. *Robinson v. US*, 734 F.2d 735, 739 (11th Cir. 1984); *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975).[2] "[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physicians Insurance Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). To obtain relief under Rule 55(c), the movant must only make a "bare minimum showing" to support her claim for relief. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).

---

[1] Defendant's brief in the California action states as follows: "Although Defendants filed their case first, in U.S. District Court for the Southern District of Florida in June, they did not effect service until after Plaintiffs had served their own case that had been filed in California on June 22 and served, by Defendant's Louisiana attorney, Gregory Latham's own admission, on June 23." (Pl. Ex. 11; Def. Ex. 5.)

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

3

In evaluating whether a movant has demonstrated "good cause," courts have considered several potential factors: whether the default was culpable or willful; whether setting the default aside would be prejudicial to the opposing party; whether the defaulting party presents a meritorious defense; whether public interests have been implicated; whether the defaulting party has suffered significant financial losses; and whether the defaulting party acted promptly to correct the default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). These factors are simply guidelines and are not "talismanic." *Id.* While willfulness, prejudice, and a meritorious defense are the most oft considered factors, "the failure of a district court to expressly consider them does not necessarily constitute an abuse of discretion." *KPS & Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003).[3]

In evaluating the circumstances surrounding Defendant's default, the Court concludes that they weigh in favor of Defendant. Defendant surely made mistakes in its handling of this case. Defendant's failure to establish "minimum procedural safeguards" for receiving legal pleadings is inexcusable neglect. *See Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987). However, such conduct was not willful or culpable. *See Compania Dominicana*, 88 F.3d at 952 ("Most failures to follow court orders are not 'willful' in the sense of flaunting an intentional disrespect for the judicial process. However, when a litigant has been given ample opportunity to

---

[3] Plaintiff cites *Insurance Company of North America v. Morrison*, 154 F.R.D. 278 (M.D. Fla. 1994) for the proposition that "good cause" under Rule 55(c) requires essentially the same showing as Rule 60(b)'s "excusable neglect" standard. (Pl. Resp. 7.) Most cases, however, recognize that "good cause" is a far more lenient standard than "excusable neglect." *See, e.g., E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990); *Heaton v. Bonacker & Leigh*, 173 F.R.D. 533, 535 (M.D. Ala. 1997).

comply with court orders but fails to effect any compliance, the result may be deemed willful."). Further, when Defendant finally learned of the default, Defendant acted in a reasonable time to respond and attempt to vacate the entry of default. Indeed, Defendant moved to vacate the Clerk's entry of default less than three weeks later. The Court cannot conclude that Defendant was willfully ignoring this action and manifesting any intentional disrespect for the Court.

Further, the Court cannot conclude that Plaintiff would be prejudiced by vacatur of the default. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006). The Court can find no argument or evidence to suggest that Plaintiff would be materially prejudiced, and Plaintiff has articulated no prejudice to its case other than delay. Since Plaintiff cannot articulate any potential prejudice to it from allowing this action to go forward, the Court concludes that this factor favors vacatur of the Clerk's entry of default.

Finally, with respect to a meritorious defense, "[l]ikelihood of success is not the measure." *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980). Instead, the movant need only provide "a hint of a suggestion" that her case has merit. *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969). Here, Defendant has provided a "clear and specific statement showing, not by conclusion, but by definite recitation of facts" that it has a colorable defense. *Atlantic Dredging & Construction Co. v. Nashville Bridge Co.*, 57 F.2d 519, 521 (5th Cir. 1932). Defendant has explained the elements of Plaintiff's prayer for relief, and Defendant has stated specific facts which it believes makes its contentions more

meritorious than Plaintiff's claims.  The Court cannot and should not decide whether these arguments have merit.  Instead, the Court's review at this juncture is limited to an inquiry of whether Defendant's allegations are entirely devoid of merit.  Concluding that Defendant has colorable arguments, this factor must weigh in favor of vacatur.

Plaintiff offers no additional arguments why vacatur of the Clerk's entry of default would be inappropriate.  Likewise, the Court can find no plausible reason why the Clerk's entry of default should be maintained.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Intelligentz Corporation's Motion to Vacate Clerk's Default (DE 12) is **GRANTED**.  The Clerk's entry of default (DE 5) is **VACATED**.  Plaintiff's Motion for Default Judgment (DE 9) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of January, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record